MORRIS GREENSPUN, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11327.  Promulgated February 5, 1929.

*J. M. McMillin, Esq.*, and *W. W. Rankin, C. P. A.*, for the petitioner.

*P. M. Clark, Esq.*, for the respondent.

OPINION.

LOVE: On these meager facts it is impossible for us to base an opinion. The petitioner may have sustained the loss in question in 1920, but there is no evidence nor testimony that will support his claim for that or any other determinable amount.

198

There are presented in evidence nine checks or bills of exchange totaling $28,400, which the petitioner claims to have invested in German marks at various times between September 9, 1919, and January 1, 1921, and the Board is asked to find that the difference between that amount and the dollar value of the 1,102,063 marks that remained to his credit on January 1, 1921 ($15,020.61 at .73.37 marks to the dollar), represented his entire loss to that date amounting to $13,379.39, of which $11,757.17 occurred in 1920.

Even though this method of computation were correct, which it is not, the evidence does not support the claim.

It would be under exceptional circumstances only, that either a gain or loss could be proven from a bank account alone, but in this case the transcript of the account submitted does not even cover the entire year, 1920, under review. The earliest date that appears in any account of the three is April 14, 1920, and of the nine checks, only four bear any evidence of having passed through the Dresdener Bank. Of these four, the earliest, dated January 28, 1920, is before the earliest date appearing upon the fragmentary transcript of account submitted, and there is therefore no evidence whatever as to the disposition of the funds ($5,000) realized from it in Germany. The other three, which bear the endorsements of the Dresdener Bank, appear as credits in the petitioner's account.

Of the remaining five checks (amounting to $12,250), counsel for the petitioner says $5,000 was deposited in the Berkley Bank in London in 1919, and $2,316 of this amount was transferred to the Dresdener Bank on December 10, 1919. There is nothing in the evidence to show such a transaction beyond the testimony of the petitioner that something of the kind took place, although he was indefinite as to details; and there is nothing whatever even to indicate the disposition of the remaining $9,934.

Counsel, in argument, says that this petitioner was a dealer in securities—"The commodity he dealt in was foreign money, which he purchased and sold as a regularly continuing business throughout the year 1920." But the partial transcript of the account which is before us not only fails to support this contention, but tends to negative it. If, from the transcript, we eliminate all debits and credits which represent mere transfers among the three accounts maintained by the petitioner, the remaining entries show that between April 14, 1920, and January 1, 1921, he was credited with 623,973.70 marks representing, at the varying rates of exchange, $12,337.86; while during the same period he was charged with only 85,943.10 marks, largely for cable, telegraph, and other expenses of a similar character and amounting to no more in all than $1,932.95 at the times that the debits were entered.

This hardly bears out the contention of his counsel that he was "dealing" in marks "which he purchased and sold as regularly continuing business throughout the year 1920." Indeed, there is no certain evidence before us that he "purchased" or "sold" even so much as a single mark. Rather, what he appears to have done was to draw dollars from the United States; receive credit for them in marks at the Dresdener Bank and await the issue in the expectation or hope that the rise in the exchange value of the mark would put him in possession of more dollars, which expectation was, of course, as we know, not justified in the event.

But even so, we can not determine from the evidence the amount of his loss in the year 1920, or that he has sustained any deductible loss at all in that year.

In the computation of his loss upon which his claim is based, the petitioner quotes the mark (in accordance with the statement received from the Dresdener Bank) at 73.37 on the dollar on January 1, 1921, but that same statement shows that by January 26, of that year, the mark had risen to 55.50 on the dollar; so that whatever his "paper" loss in 1920 may have been, which can not be determined from the evidence before us, it certainly was not of a character that is deductible under the law, and we so find.

*Judgment will be entered for the respondent.*